UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

BADRU KAKUNGULU,

        Petitioner,

vs.

JACK PALMER,

       Respondent.

Case No. 3:11-cv-00276-RCJ-VPC

ORDER

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Badru Kakungulu, a Nevada prisoner appearing in pro se. Before the court is respondents' motion to dismiss the original and supplemental petitions (ECF No. 14), petitioner's response (ECF No. 19) along with his motion to stay proceedings (ECF No. 20). Respondents have moved for leave to file their late reply to the motion to dismiss (ECF No. 21) and a late response to the motion for stay and abeyance (ECF No. 23), which motions will be granted bringing respondents' reply (ECF No. 22) and their opposition to the stay (ECF No. 24) before the court. The motion to dismiss argues that the petition and the supplemental petition are untimely, that certain claims are not cognizable in federal habeas and that certain claims are unexhausted. The petition shall be dismissed as untimely.

I.     **Procedural Status**

Petitioner was convicted of one count of sexual assault. Exhibit 35.[1] He was sentenced to life in prison with the possibility of parole after ten years and a Judgment of Conviction was entered

---

[1] The exhibits referenced in this order were provided by respondents at docket entries 15-17 unless otherwise identified as "Petitioner's Exhibit."

1  on August 9, 2007. Exhibit 37. Petitioner filed a timely appeal, raising four grounds for relief. Exhibits
2  38 and 57. The Nevada Supreme Court entered its Order of Affirmance on May 5, 2009. Exhibit 62.
3  Remittitur issued on June 2, 2009. Exhibit 63.

4        Petitioner filed a state post-conviction petition on April 20, 2010 raising five grounds for
5  relief. Exhibit 65. The district court denied the petition through an order dated August 26, 2010.
6  Exhibit 71. Notice of that order was served on petitioner on October 15, 2010. Exhibit 72. On
7  December 13, 2010, petitioner filed a notice of appeal with the Nevada Supreme Court. Exhibit 73. The
8  appeal was dismissed as untimely on February 18, 2011. Exhibit 77. A remittitur was issued on March
9  15, 2011. Exhibit 78. A motion for rehearing received by the Nevada Supreme Court Clerk on March
10 15, 2011, was returned unfiled. Exhibit 79.

11       Petitioner submitted his federal habeas petition for mailing to this court on or about April
12 18, 2011. A supplemental petition was submitted with a motion for leave to supplement filed on August
13 1, 2011. The motion was granted and respondents move to dismiss.

**II.  Discussion**

Respondents contend that the Second Amended Petition must be dismissed as untimely and unexhausted or containing claims that are not cognizable in federal habeas. Petitioner responds to the motion with an attempt to show he is entitled to equitable tolling and with a motion for stay and abeyance, which respondents oppose.

    A.   <u>Statute of Limitations</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) came into effect. Pub.L. No. 104-132, 110 Stat. 1214-1226 (1996). The AEDPA made various amendments to the statutes controlling federal habeas corpus practice. One of the amendments imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

2

judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000).

The AEDPA limitations period is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. ____, 130 S.Ct. 2549, 2560 (2010); *Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288; *see also*, *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807 (2005). In certain

circumstances, the misconduct of counsel can, if sufficiently egregious, justify such tolling. *Holland,* 130 S.Ct. at 2564-65.

Petitioner's one-year limitation period began to run ninety days after the Order of Affirmance was issued on direct appeal or August 3, 2009.  The period was tolled once petitioner filed his post conviction petition on April 20, 2010.  At that time, petitioner had expended 260 days of his year.

Ordinarily, the clock would remain tolled until completion of appellate review of the post-conviction petition. *Carey v. Saffold*, 536 U.S. 214, 219, 122 S.Ct. 2134 (2992).  However, in this case, the appeal was rejected by the Nevada Supreme Court as untimely.  Exhibit 77.  In that order, the court stated that the notice of appeal was untimely and failed to vest jurisdiction in the court. *Id.*  The petitioner's motion for rehearing was also determined to be untimely.  Exhibit 79.  The notice of appeal was not properly filed and the one-year period was not tolled beyond October 15, 2010, when the state district court entered it order deny petitioner relief on post-conviction.  Exhibit 72.  *Artuz v. Bennett,* 531 U.S. at 8; *see also, Bonner v. Carey,* 425 F.3d 1145, 1149 (9th Cir. 2005), opinion amended, 439 F.3d 993 (9th Cir. 2006) and cert denied, 127 S.Ct. 132 (U.S. 2006) ("Under *Pace,* if a state court denies a petition as untimely, *none* of the time before or during the court's consideration of that petition is statutorily tolled") (emphasis added).

Pursuant to the "prison mailbox rule," petitioner is considered to have filed his federal petition the day he submitted it to prison officials for mailing to the Court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001).  Petitioner handed his federal petition to prison officials for mailing on April 18, 2011. At that point, another 198 days had passed.  Petitioner's federal petition was 93 days late.

In his response to the motion to dismiss, petitioner argues that his mental illness entitles him to equitable tolling of the statute of limitations.  More specifically, he argues that he mistakenly sent the notice of appeal to the wrong court. In the exhibits attached to support his motion for equitable

tolling, he provides a copy of the district court's Notice of Entry of Decision and Order. (ECF No. 19, Petitioner's exhibit 2.) That document clearly advised petitioner to file a notice of appeal with the clerk of that court, which petitioner acknowledges.

Petitioner also supplemented his opposition to the motion to dismiss by providing, without explanation or discussion, a copy of a Medical Review Panel on Involuntary Psychotropic Medication. ECF No. 25, p. 16-19. This report is dated December 18, 2009 and suggests a psychiatric condition that is well controlled with medication. Thus, the court concludes that petitioner has not presented convincing evidence that his mental state prevented him from understanding his legal rights and acting upon them in a rational manner. *See e.g., Lonchar v. Zant*, 978 F.2d 637, 641-42 (11th Cir.), *cert. denied*, 507 U.S. 956 (1993); *see also Ford v. Haley*, 195 F.3d 603, 617 (11th Cir. 1999), and *Smith v. Armontrout*, 812 F.2d 1050, 1056-57 (8th Cir.), *cert. denied*, 483 U.S. 1033 (1987). Petitioner's mental health at the time in question was not in a state that would have prevented him from filing a timely notice of appeal in late 2009 or a timely federal petition shortly thereafter. The petition is untimely filed and must be dismissed.

**III.     Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required

to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard. Accordingly, the Court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motions to file late pleadings (ECF Nos. 21 and 23) are **GRANTED.** Petitioner's motion for stay (ECF No. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

The Clerk shall enter judgment accordingly.

Dated this ___2nd___ day of February, 2012.

_____
UNITED STATES CHIEF DISTRICT JUDGE